UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAMON ORTIZ,

                    Petitioner,

vs.                                 Case No.  2:08-cv-208-FtM-29DNF

SECRETARY, DOC, and FLORIDA ATTORNEY
GENERAL,

                    Respondents.

_____


### OPINION AND ORDER

Petitioner Ramon Ortiz (hereinafter "Ortiz" or "Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) and supporting memorandum of law (Doc. #2, Memorandum), pursuant to 28 U.S.C. § 2254, on March 10, 2008[1] challenging his judgment of conviction for burglary of an occupied building and petit theft entered in the Twentieth Judicial Circuit Court in Collier County, Florida.  Petition at 1.  The Respondent filed a Response (Doc. #11, Response) in opposition to the Petition and attached supporting exhibits (Doc. #16, Exhs. 1-4), consisting of the trial transcript and post-conviction pleadings.  Petitioner filed a Reply (Doc. #18, Reply).  This matter is ripe for review.

---

[1]The Petition was docketed and filed in this Court on March 12, 2008.  The Court, however, applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing," which is the February 6 date referenced above.  Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

## I. Procedural History

Petitioner was charged by Information with burglary of an occupied dwelling and grand theft in violation of Florida Statute § 810.02.  Exh. 1a.  Petitioner's first jury trial ended in a mistrial.  Exh. 2a at 125.  Petitioner's subsequent jury trial took place on July 24-25, 2002, after which the jury returned guilty verdicts of burglary and petit theft, a lesser-offense of the grand theft charge (Case No. 01-1045CFA).  Exh. 1b, Exh. 2a.  Petitioner was sentenced to fifteen-years incarceration as a prison releasee reoffender.

Petitioner, through counsel, pursued a direct appeal raising one issue:

> Whether the trial court committed reversible error when it denied Petitioner's motion for mistrial when the State's witness, a deputy sheriff, testified that he had contact with Petitioner a couple of times in a work-related capacity and this was the sincerest that the deputy had ever seen the Petitioner.

Exh. 2b.  The State filed an answer brief.  Exh. 2c.  The appellate court *per curiam* affirmed the trial court's ruling.  Exh. 2d; <u>Ortiz v. State</u>, 869 So. 2d 555 (Fla. 2d DCA 2003)[table].

Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus in the State appellate court raising one ground of ineffective assistance of appellate counsel.  Exh. 3a. Petitioner argued that appellate counsel rendered ineffective assistance because:

> It is [f]undamental error to instruct [sic] [j]ury that
> burglary could be committed by remaining in the dwelling
> where there is no evidence that the defendant
> surreptitiously remained in the dwelling.

Id.  Pursuant to the appellate court's order, the State filed a brief in response. Exh. 3c. Petitioner filed a reply brief. Exh. 3d.  The appellate court denied Petitioner's petition alleging ineffective assistance of counsel.  Exh. 3f.

Petitioner, proceeding *pro se*, next filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850 (hereinafter "Rule 3.850 Motion) raising six claims of ineffective assistance of trial counsel.[2]  Exh. 4a.

> 1.  Counsel failed to object and move for mistrial when the trial judge unnecessarily made himself an advocate in this prosecution; when he intimated to the jury his own opinion as to the evidence adduced at trial, Id. at 5;
>
> 2. [Counsel] failed to move to suppress, and investigate witnesses that would have supported a motion to suppress, [Ortiz'] confession obtained by police officers, while [Ortiz] was under the influence of alcohol and narcotics, Id. at 11;
>
> 3.  Counsel failed to contemporaneously object and request- Burglary Fla. Stat. § 810.02(4)- a necessarily lesser included offense- one step removed- of Burglary of an occupied dwelling when the trial court omitted this instruction during the charge conference, Id. at 14;
>
> 4. [Counsel] failed to investigate and bring into evidence (i.e. a dolly cart) which would ha[ve] supported and benefitted [Ortiz'] defense, Id. at 18;

---

[2]The post-conviction court found Petitioner's ground two contained two parts.

5.  [Counsel] fail[ed] to contemporaneously object to improper comments uttered by the State during opened statement and closing arguments, <u>Id.</u> at 20;

6.  Counsel failed to object and oppose[] the "remaining in" theory of burglary, when the trial court erroneously included in the instruction and charged the jury on the "remaining in" [sic] when the "remaining in" theory of burglary was limited to situations where "remaining in" was done surreptitiously, <u>Id.</u> at 25.

<u>See</u> Exh. 4a (emphasis omitted).   The State filed a brief in response.   <u>Id.</u> at 48.   The post-conviction court entered an order denying grounds 1 and 6 and set grounds 2(a), 2(b), and grounds 3, 4, and 5 for an evidentiary hearing.   <u>Id.</u> at 1-8.   Petitioner was appointed counsel and counsel filed an amended Rule 3.850 motion. <u>Id.</u> After the evidentiary hearing, the post-conviction court found that Petitioner waived ground five and denied Petitioner relief on all of his remaining grounds.   <u>Id.</u> at 69-75.

Petitioner, proceeding <i>pro se</i>, appealed the post-conviction court's denial of his Rule 3.850 motions.   Exh. 4b.   The State filed a brief in response.   Exh. 4c.   The appellate court <i>per curiam</i> affirmed the post-conviction court's order.   Exh. 4d, <u>Ortiz v. State</u>, 968 So. 2d 1026 (Fla. 2d DCA 2007)[table].   Petitioner's motion for rehearing was denied.   Exhs. 4e, 4f, 4g.   Petitioner then filed the instant timely Petition raising six grounds of ineffective assistance of trial counsel.[3]   <u>See</u> Petition; Memorandum.

_____

[3]Respondent states that the Petition is timely filed, Response at 7, and the Court agrees.

## II.  Applicable § 2254 Law

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action.  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001). Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts.  Alston v. Fla. Dep't of Corr., 610 F.3d 1318, 1325 (11th Cir. 2010)(citations omitted).  AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).  The following legal principles apply to this case.

### A.  Only Federal Claims are Cognizable

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a state court judgment only on the grounds that the petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States.  28 U.S.C. § 2254(a).  A claimed violation of state law is insufficient to warrant review or relief by a federal court under § 2254.  Pulley v. Harris, 465 U.S. 37, 41 (1984)(stating "[a] federal court may not issue the writ on the basis of a perceived error of state law."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(stating "[t]oday, we reemphasize that it is

not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Waddington v. Sarausad, 555 U.S. 179, 129 S. Ct. 823, 832 n.5 (2009)(same); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000)(stating § 2254 not enacted to enforce state-created rights). Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983)(finding claim involving pure question of state law does not raise issue of constitutional dimension for federal habeas corpus purposes; state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved).

**B. Federal Claim Must Be Exhausted in State Court**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. § 2254(b)(1)(A). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Mason v. Allen,

605 F.3d 1114, 1119 (11th Cir. 2010)(citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, . . . . ." Smith, 256 F.3d at 1138.  A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547

U.S. 518, 536-37 (2006); <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11th Cir. 2008). Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. <u>House</u>, 547 U.S. at 536; <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000).

### C. Deference to State Court Decision

A federal court must afford a high level of deference to the state court's decision. <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). <u>See Berghuis v. Thompkins</u>, 130 S. Ct. 2250, 2259 (2010). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. <u>Blankenship v. Hall</u>, 542 F.3d 1253, 1271 (11th Cir. 2008); <u>Ferguson</u>, 527 F.3d at 1146; <u>Wright v. Sec'y Dep't of Corr.</u>, 278 F.3d 1245, 1253-54 (11th Cir. 2002). When the last state court rendering judgment affirms without explanation, the Court presumes that it rests on the reasons given in the last

reasoned decision.  Powell v. Allen, 602 F.3d 1263, 1268 n.2 (11th Cir. 2010)(citing Ylst v. Nunnemaker, 501 U.S. 797, 803-05 (1991)).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result.  Brown v. Payton, 544 U.S. 133, 141 (2005); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).  It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000); or, "if the state court either unreasonably

extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520).  The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold. Renico v. Lett, 130 S. Ct. 1855, 1862 (2010)(citing cases). Depending upon the legal principle at issue, there can be a range of reasonable applications.  Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(2).  A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  The Supreme Court has not yet decided whether a petitioner must establish only that a factual finding is unreasonable, or must also rebut the presumption.  Wood v. Allen, 130 S. Ct. 841, 848 (2010).  In any event, the statutory presumption of correctness "applies only to findings of fact made by the state court, not to mixed determinations of law and fact."

Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001)(citation omitted).

### III. Analysis

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003).

### A. Exhaustion of Claims Before the State Court

In Response to the Petition, Respondent acknowledges that Petitioner presented his claims of ineffective assistance of defense counsel to the State courts. Response at 11. Respondent also notes that the State court understood that Petitioner was raising the claims in his rule 3.850 Motion under Strickland v. Washington, 466 U.S. 668 (1984), because the State court references the case and applies the Strickland standard to Petitioner's claims. Id. The Court agrees in part with Respondent that Petitioner has properly exhausted his ineffective assistance of counsel claims raised herein at grounds one, two, three, four, and

six.[4]   For the reasons discussed below, the Court finds that
Petitioner did not exhaust ground five.

**B.   Statement of Facts Presented at Trial**

The Court incorporates herein the statement of the case and
facts as set forth by the parties in their respective briefs filed
on direct appeal.  See Exh. 2b, 2c.

At trial, Mariette Colimon testified that, on April 21, 2001,
she was living at 2253 Chadwick Circle with her son.  While at
home, she noticed that all the doors were open but she did not see
anyone in the house.  She then saw that the television and VCR were
missing and told her son to call the police.  The police then took
her son to the location where the property was found and he
identified the missing property.  See generally Exh. 2a at 157-164.

Marquence Guillori testified that, on April 21, 2001, he was
living at 2253 Chadwick Circle with his mother.  His mother woke
him up and told him that their stuff had been stolen and to call
the police.  The television and VCR were missing.  The police
arrived and stated that they had caught the perpetrator down the

---

[4]In Petitioner's Memorandum incorporated by reference in his
Petition, Petitioner repeatedly uses the terms "trial court error."
See generally Memorandum.  A review of the entire document reveals
that Petitioner is not really raising new claims of trial court
error.  Instead, Petitioner argues that the post-conviction court's
orders denying his claims of ineffective assistance of trial
counsel violates section 2254.  To the extent Petitioner is in fact
attempting to raise claims of trial court error, these claims would
be deemed unexhausted, procedurally barred, and no exception exists
to overcome the procedural bar.

road pushing the items on the cart.  The police then took him to a location and he identified the television and the VCR as the ones that belonged in the house.  No one had permission to enter the house and take these items.  Petitioner was not seen in the house. See generally Id. at 172-177.

Kevin Hendry testified that he is a Deputy with the Collier County Sheriff's Office.  On April 21, 2001, around 3:00 a.m., he was dispatched to a burglary call on Chadwick Circle.  Exh. 2a at 181.  As Deputy Hendry approached the house, he saw a subject a couple hundred yards away from the residence.  The subject was walking from the direction of the house and was pushing an object. The object was a dolly with a television on top of it.  No one else was in the area.  Petitioner was then put in the police car and given Miranda[5] warnings.  A VCR was then found by the fence. Petitioner stated that he found the VCR next to a fence line. Petitioner told Deputy Hendry that the television belonged to his father.  The deputy testified regarding photographs taken at the scene of the crime and of Petitioner.  Petitioner was taken to the Sheriff's station, at which time Detective Colandrea conducted a taped recorded interview.  During the interview Petitioner admitted responsibility for the burglary.  See generally Exh. 2a at 179-206.

Ron Myers testified that as a crime scene supervisor he processed the burglary scene in this case.  The measurement of a

_____

[5] Miranda v. Arizona, 384 U.S. 436 (1966).

shoeprint at the scene and Petitioner's shoes were consistent in that they were the same size.  They were also consistent with being the same type of shoe.  Id. at 217-229.

Andrew Prisco testified that he is a Deputy Sheriff and that he backed up Deputy Hendry.  Petitioner was placed in the patrol car in order to conduct an investigation.  Petitioner made a statement that he thought a Dominican individual "prearranged" for Petitioner to pick up these items.  Petitioner then gave the location of the VCR, and stated that he had a drug problem.  It was suggested to Petitioner that he request treatment for his drug problem.  Id. at 235-243.

Robert Colandrea testified that he was a detective with the Collier County Sheriff's Office and that he interviewed Petitioner at the police station.  The State played the tape for the jury. No guarantee of drug treatment was made to Petitioner if he confessed to this crime.  The State then rested its case.  Id. at 317-337.

Petitioner testified that he has a substance abuse problem with crack cocaine and that he was doing drugs on the day of this event.  Petitioner saw someone running behind the house in question and drop something by the fence and then found a television on top of the cart.  Petitioner thought that the television had been discarded as trash.  Petitioner was then approached by police. Petitioner stated that he did not steal the television and never

-14-

went into the house to take anything.  Petitioner furthermore never touched the cart but was just standing next to it.

Petitioner told the police about the VCR because he saw someone throw something in that location.  During the interview, Petitioner gave the answers that the police wanted to hear because Petitioner was promised treatment for his drug problem.  The statement given to the police was not the truth.  Petitioner told the police at the station that he took the television and VCR because they promised to help him.  <u>See</u> Exh. 2a at 358-402; <u>see</u> <u>also</u> Exh. 2b, 2c (internal citations to record omitted).

**C.  Standard of Review for Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  <u>Newland v. Hall</u>, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  <u>Newland</u>, 527 F.3d at 1184.  In <u>Strickland</u>, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, *i.e.*, "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel'

-15-

guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, *i.e.*, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. ___, 130 S. Ct. 13, 16 (2009). Thus, a habeas court's review of a claim under the Strickland standard is "doubly deferential." Knowles v. Mirzayanze, ___ U.S. ___, 129 S. Ct. 1411, 1420 (2009)(citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003)). The Court need not address both components of the Strickland analysis, if the petitioner makes an insufficient showing on one. See Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)(noting that because both parts of the test must be satisfied to show a Sixth Amendment violation, the court need not address the performance prong if the defendant cannot meet he prejudice prong, or vice-versa).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted). In demonstrating counsel's deficiency, it is the petitioner who bears the heavy

burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom., Jones v. Allen, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom., Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). In finding prejudice, the court must determine that the result of the proceedings would have been different considering "the totality of

the evidence before the judge or jury." Berghuis v. Thompkins, ___U.S. ___, 130 S. Ct. 2250, 2265 (2010)(quoting Strickland, 466 U.S. at 695).

### D.  Instances of Alleged Ineffective Assistance of Counsel

The Court will address each instance of alleged ineffective assistance of counsel asserted by Petitioner.

### (1) Failure to Introduce Dolly Cart

In ground one, Petitioner argues that trial counsel rendered ineffective assistance by failing to introduce the dolly cart into evidence. Memorandum at 9-12. Petitioner contends that the dolly cart would not have had his fingerprints on it because he never touched the cart. Petitioner refers the Court to the trial transcript and submits that his defense counsel's contentions that the dolly cart would have harmed his case because Petitioner admitted to touching the dolly cart was erroneous. As such, Petitioner states that the introduction of the dolly cart would have constituted exculpatory evidence. Id. at 11.

In Response, Respondent states that the post-conviction court properly denied Petitioner relief on this claim. Respondent states that the post-conviction court made a credibility determination based on the testimony at the evidentiary hearing and gave weight to trial counsel's testimony that she did not have the dolly cart tested for fingerprints because the theory of defense in the case was that Petitioner found the cart outside, with the stolen

property on it, and thought it was abandoned.  Response at 15-16.
The theory of the defense was not that Petitioner did not touch the
cart.  Response at 15-16.  Respondent further states that failure
to investigate the dolly cart did not result in prejudice because
Petitioner's confession to the burglary was published at trial.
Id. at 16.

The Court agrees that the State court's decision was neither
contrary to or an unreasonable application of clearly established
federal law as established by the United States Supreme Court.  The
State court's decision was also not unreasonable determination of
the facts based on the record.  The State court, noting the
Strickland standard, rejected Petitioner's claim after holding an
evidentiary hearing:

> At the evidentiary hearing, trial counsel testified that
> she did not have the dolly cart printed for fingerprints
> because Defendant's defense at trial was not that he
> didn't touch the dolly cart, but that he found the cart
> outside, with the stolen property on it, and thought it
> was abandoned.   Trial counsel's testimony at the
> evidentiary hearing is consistent with the Defendant's
> trial testimony.  Trial counsel testified that Defendant
> did not deny touching the cart and she therefore decided
> there was no reason to have the cart dusted for prints.
> Attached hereto is a copy of the transcript.  Having
> weighed the credibility of the testimony at the
> evidentiary hearing, and after observing the demeanor of
> Defendant and trial counsel, the Court accepts the facts
> as testified to by counsel.  Defendant has failed to
> demonstrate that counsel was deficient within the meaning
> of Strickland.

Exh. 4a at 74-75.  The appellate court affirmed the post-conviction court's decision.  Exh. 4d, <u>Ortiz v. State</u>, 968 So. 2d 1026 (Fla. 2d DCA 2007)[table].

The State court's opinion shows that it applied the correct federal precedent.  Trial counsel testified that her decision not to introduce the dolly cart was a strategic one based on their theory of defense, which was that Petitioner found the stolen items sitting on the dolly cart outside.  Thus, whether or not Petitioner's fingerprints were on the dolly cart was not material to the case, or the theory of his defense.  The trial transcript shows that Petitioner testified that "he never touched it," referring to the television, not the dolly cart.  Exh. 4a at 79. Even if Petitioner had intended to say that he had never touched the dolly cart, Sheriff's Deputy Kevin Hendry, the officer who first arrived at the scene, testified that he saw the Petitioner holding onto the dolly cart, or pushing the cart.  Exh. 2a at 181-182.  Thus, the record shows that trial counsel's failure to introduce the dolly cart into evidence was an informed choice among alternatives.  Strategic decisions, such as this one, do not support a conclusion of ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 689.

### (2)  Witness Viera/Motion to Suppress

The Court addresses grounds two and three together because they are interrelated.  In ground two, Petitioner argues that the

trial counsel rendered ineffective assistance by failing to call Mr. Lazaro Viera, a witness who could have testified about Petitioner's intoxication at the time he confessed to the crime. Memorandum at 13.  Specifically, Petitioner states that Mr. Viera would have testified that Petitioner was under the influence of alcohol and narcotics.  Id.  Petitioner faults trial counsel for failing to explore whether his confession could be suppressed based on Petitioner's intoxication.  Id. at 13-14.  In ground three, Petitioner states that the "trial court erred" in determining that a pre-trial motion to suppress would have been futile.  Id. at 16. In other words, Petitioner claims that the post-conviction court's decision involved an unreasonable application of the facts because the record shows that trial counsel failed to develop his intoxication claim when she did not call witness Viera.

In Response, Respondent refers the Court to the post-conviction court's order denying Petitioner relief on this claim. Respondent states that Petitioner fails to demonstrate either deficient performance or prejudice.  Respondent submits that "[u]nder the circumstances, calling Mr. Viera as a witness for a motion to suppress would not have made any difference."  Response at 17.  Respondent states that the Petitioner's confession shows that he gave no indication that he was intoxicated when he confessed.  Moreover, Respondent states that intoxication is only one factor to consider under the "totality of the circumstances" in

determining whether a confession should be suppressed.   <u>Id.</u> at 18-19.

The Court agrees that the State court's decision was neither contrary to or an unreasonable application of clearly established federal law as established by the United States Supreme Court.  The State court's decision was also not unreasonable determination of the facts based on the record.  The State court recognized that the <u>Strickland</u> standard applied to grounds two and three, and rejected Petitioner's grounds for relief.  With respect to Petitioner's motion to suppress claim, the post-conviction court ruled:

> Defendant testified that he was under the influence of alcohol and drugs at the time the confession was made. He also testified that he made the confession on the strength of an alleged promise from police that the confession would ensure Defendant's placement into a drug recovery program.  Defendant stated that he confessed because he "didn't think the confession would hurt" him and he was "tired" of doing drugs and wanted help.

> Gina Braten, Defendant's trial counsel, testified at the evidentiary hearing that she knew Defendant had a drug problem.  She further stated that she did not recall Defendant sounding like he was under the influence of drugs and alcohol at the time of his arrest and confession.  She asserted that, had she thought Defendant had in fact been under the influence of drugs and alcohol at the time he made the confession, she certainly would have explored the issue.

> At the evidentiary hearing, the State introduced into evidence a copy of the original taped police interview from the night of Defendant's arrest, for the purposes of demonstrating whether or not Defendant appeared under the influence at that time.  A portion of the tape was then published to the Court at the evidentiary haring.  On it, the Defendant could be heard speaking.  Having listened to the tape, the Court finds Defendant to have been coherent and alert; his speech was not slurred.  He was

also able to respond intelligently to detailed questions. The interview was conducted in English, and it did not seem that Defendant had any difficulty with the language, despite the fact that its not his native tongue.

Additionally, Attorney Braten testified at the evidentiary hearing that she had listened to the tape prior to trial, and had used it when considering whether to move to suppress the statement. Her assessment was that such a motion would be futile.  As noted in Gordon v. State, counsel need not pursue futile motions.  863 So. 2d 1215 (Fla. 2003).  The Court cannot deem trial counsel ineffective for making a decision not to argue a futile motion.  The Court finds that Defendant failed to demonstrate how counsel was deficient within the meaning of Strickland.

Exh. 4a at 71-72.  The appellate court affirmed the post-conviction court's decision.  Exh. 4d, Ortiz v. State, 968 So. 2d 1026 (Fla. 2d DCA 2007)[table].

The State courts' decision to deny this claim is entitled to deference.  The record shows that the post-conviction court heard Petitioner's taped confession during the evidentiary hearing and found that Petitioner was coherent and alert during his confession; and, that he spoke clearly and did not have slurred speech.  Trial counsel testified that she was aware of Petitioner's addictions, but had no indication that Petitioner was under the influence at the time he gave his statement to the police.  Counsel testified that if she had believed Petitioner was intoxicated at the time he confessed, then she would have moved to suppress his statement.  Counsel testified that she did not have a good faith basis to file a motion to suppress the confession.  Counsel's performance cannot be not deemed deficient for failing to file a meritless motion.

Ladd, 864 F.2d at 109-10; Winfield, 960 F.2d at 974 (11th Cir. 1992).

With respect to Petitioner's claims that trial counsel rendered ineffective assistance for failing to call witness Viera, who could have testified to Petitioner's intoxication at the time he confessed, the post-conviction court applied the Strickland standard and ruled:

> Defendant alleges that counsel failed to investigate witnesses Juan Jimenez, Lazaro Viera, Nelson Orengo, or Luz Rivera to testify to his intoxication.  At the evidentiary hearing, Defendant testified that he wanted these witnesses called at trial.  They would have testified that the night of Defendants' [sic] arrest, Defendant was under the influence of drugs and alcohol. Defendant stated that he believes the outcome would have been different had the jury known that he was under the influence of drugs and alcohol at the time of the crime and subsequent arrest.
>
> Of these four witnesses, only one, Luz Viera, was present to testify at the evidentiary hearing.  Defendant did not have Juan Jiminez, Nelson Orengo, and Luz Rivera testify at the hearing.  As such, Defendant has failed to meet his burden of proof regarding the testimony the three absent witnesses would have given, and accordingly and failed to establish any prejudice.
>
> Mr. Viera was present and willing to testify at the evidentiary hearing.  He testified that Defendant was one of many people at a party on the night in question. Viera asserted that he (Viera) was at the party, drinking and playing dominos outside.  Apparently, Defendant was present, but unable to participate in the game because he was under the influence of drugs and alcohol.   The witness stated that he eventually left the domino game, leaving Defendant outside, while he went inside to dance. The witness was unable to pinpoint a specific time as to when all this took place; he could only say with certainty that it was "late at night."  On the audio-taped confession published to the Court during the evidentiary hearing, the officer interviewing Defendant

-24-

stated the time to be about five a.m. on the morning after the party.

As noted above, trial counsel testified at the evidentiary hearing that she did not remember Defendant's intoxication level [during his confession] being an issue at the time of trial, and had she believed it to be, she would have investigated the issue further.  Trial counsel stated that the defense used at trial was that Defendant simply found the stolen merchandise on a dolly-cart out on the street.  Defendant failed to demonstrate how Viera's testimony as to Defendant's intoxicated state bears any relation to the defense mounted at trial that Defendant simply found the stolen merchandise outside.

To the extent that Defendant implies that trial counsel's failure to call these witnesses at trial deprived him of the opportunity to mount a defense of voluntary intoxication, the Court notes that voluntary intoxication is no longer a defense in the state of Florida.  It was abolished by Fla. Stat. § 775.051 in 1999.  Counsel cannot be deemed ineffective for failing to mount a defense that no longer existed.

Regardless of the testimony, Defendant has failed to demonstrate that the outcome would likely have been different, had Viera been able to testify at trial.  Therefore, Defendant has failed to demonstrate any entitlement to relief.

Exh. 4a at 72-73.

Defense counsel has a duty to conduct a reasonable investigation before making a strategic decision, Wiggins v. Smith, 539 U.S. 510, 521-23 (2003), and "the court must consider . . . whether the known evidence would lead a reasonable attorney to investigate further."  In this case, defense counsel testified during the post-conviction hearing that she did not believe that Petitioner was intoxicated at the time he confessed, as evidenced by Petitioner's mannerism and speech during his taped confession.

Thus, counsel found no need to develop this claim by interviewing witness Viera, who saw Petitioner intoxicated earlier that day. Even if counsel had called Mr. Viera to support Petitioner's contentions in a motion to suppress hearing, Mr. Viera's testimony would not have helped Petitioner's case.  As elicited during the evidentiary hearing, Mr. Viera was unable to pinpoint a specific time as to when Petitioner drank or consumed drugs, other than it was "late at night."  Petitioner has not shown that no reasonably competent attorney would have done what Petitioner's counsel did.

In addition to the taped confession, the prosecution introduced the testimony of the initial responding officer who testified as to seeing Petitioner with the dolly cart carrying the stolen television when he arrived at the scene, as discussed above. At the scene, Petitioner identified the location of the stolen VCR. Based on Petitioner's directives, the officers found the stolen VCR.  Also, the prosecution introduced into evidence a shoe print immediately outside the residence that matched Petitioner's shoe. Thus, Petitioner has not established that the result of the proceeding would have been any different absent his confession. Based on the foregoing, Petitioner is denied relief on grounds two and three.

**(3)  Failure to Object to Jury Instruction**

In ground four, Petitioner states that trial counsel rendered ineffective assistance by failing to object to the jury

instruction, which included the "remaining in" language of the burglary charge. Memorandum at 19. Petitioner argues that Delgado v. State, 776 So. 2d 233 (Fla. 2000) establishes that a "trial court errs when it does not distinguish between entering a dwelling without permission (unlawful entry) with the intent to commit a crime therein, and entering by invitation." Id. (citing Ray v. State, 933 So. 2d 726 (Fla. 4th DCA 2000)).

In Response, Respondent refers the Court to the post-conviction court's order denying Petitioner relief on this claim. Response at 19-20. Respondent further points out that the Florida Supreme Court recently addressed the erroneous inclusion of an issue in a jury instruction and found that "' . . . the erroneous inclusion of an element that the State concedes does not apply, and concerning which it presents no evidence is 'not pertinent or material to what the jury must consider in order convict.'" Id. at 20 (citing State v. Weaver, 957 So. 2d 586, 589 (Fla. 2007)).

The Court agrees that the State court's decision was neither contrary to or an unreasonable application of clearly established federal law as established by the United States Supreme Court. The State court's decision was also not unreasonable determination of the facts based on the record. The post-conviction court summarily denied Petitioner relief on this claim, noting that Petitioner was improperly attempting to analogize his case to the Delgado case:

> In Delgado the State pursued a theory that Defendant
> "remained in" without consent subsequent to a consensual

entry.  Id.  By contrast, the State's theory in the case at bar was that Defendant entered the victim's residence without consent. As evidenced by Defendant's transcribed trial testimony on page 379, a copy of which is attached hereto, there was never any suggestion in the case at bar that Defendant initially entered the victim's residence legally or by invitation.  Since the jury had no evidence before it suggesting the appliciability of the "remaining in" portion of the burglary statute to the facts of the case, there is no reasonable likelihood that the jury verdict would have been any different had the jury been instructed that any "remaining in" must have been surreptitious.  Accordingly, regardless of the appliciability of Delgado, the record and facts of this case conclusively demonstrate that there is no reasonable likelihood that Defendant could have been prejudiced within the meaning of Strickland.

Exh. 4a at 5.  The appellate court *per curiam* affirmed the post-conviction court's decision.  Exh. 4d, Ortiz v. State, 968 So. 2d 1026 (Fla. 2d DCA 2007)[table].

When reviewing a state court's jury instruction for an alleged error, the United States Supreme Court has ruled:

An appraisal of the significance of an error in the instructions to a jury requires comparison with the instructions, which were actually given with those that should have been given. . . . . It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court. . . . . The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the result of the conviction violates due process',[] not merely whether 'the instruction is undesirable, erroneous, or even 'universally condemned.'

Henderson v. Kibbe, 431 U.S. 145, 154 (1977)(internal citations omitted).  This Court does not find that the instruction given to the jury so infected the entire trial as to amount to a Due Process

violation.  The trial court's jury instruction correctly identified the requisite elements of the charge and there was no evidence submitted to demonstrate that Petitioner was an invited guest at the residence.  See also Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1335 (11th Cir. 2008)(finding that a petitioner could not demonstrate a due process violation from the failure to retroactively apply the now-abrogated Delgado interpretation of the Florida burglary statute.  The court noted that shortly after Delgado was decided, the Florida legislature amended § 810.02, the burglary statute, thereby abrogating Delgado).  Therefore, Petitioner is denied relief on ground four.

**(4)  Failure to Object to Prosecutorial Misconduct**

In ground five, Petitioner states that trial counsel rendered deficient performance by failing to object to statements the prosecutor made during the opening and closing statements. Memorandum at 21.  Petitioner further submits that he did not "knowingly, intelligently, and voluntarily abandon his rights to postconviction relief" on this claim before the post-conviction court.  Id. at 21-22.  Petitioner submits that the prosecutor "effectively made himself a witness" and uttered statements that were "fundamentally unfair."  Id.

In Response, Respondent refers the Court to the record and points out that Petitioner's post-conviction counsel removed the claim from the motion, thereby acknowledging the claim lacked any

merit.   Response at 20-21.    Respondent argues that Petitioner acquiesced to his counsel's abandonment of the issue and cannot raise the claim now.  Id. at 21.

The Court notes that the post-conviction court's order clearly states that Petitioner "abandoned his claim" and only claims 2(a), 2(b), 3, and 4 were presented to the post-conviction court.  Exh. 4a at 70.   Petitioner neither indicates that he told counsel that he did not want to abandon the claim, nor did he voice any objection before the post-conviction court when his counsel affirmatively abandoned the claim.   Thus, the Court finds that Petitioner failed to exhaust this claim because he did not invoke one complete round of the State's established appellate review process.   See Torres v. Sec'y Dep't of Corr., 8:07-cv-1383-T-24TGW, 2008 WL 1897600 *17 (M.D. Fla. April 28, 2008) (finding a petitioner's claim unexhausted and procedurally barred when post-conviction appellate counsel affirmatively abandoned the claim), aff'd, 336 Fed. Appx. 42 (11th Cir. 2009).   Petitioner did not fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."  Mason, 605 F.3d at 1119.

Because Petitioner did not exhaust this claim, he is now procedurally barred based on Florida law at any future attempts to exhaust this claim.  Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998); see also Fla. R. Crim. P. 3.850(b) (stating no motion

shall be filed or considered if filed more than two years after the judgment and sentence became final in a noncapital case unless newly discovered evidence not ascertained by due diligence, fundamental constitutional right applied retroactively, or counsel neglect); Fla. R. Crim. P. 3.850(f)(prohibiting successive motions).

Even when a court finds a claim is unexhausted and procedurally defaulted, the court may review the claim on its merits, if the Court is denying relief on the claim. 28 U.S.C. § 2254(b)(2); LeCroy, 421 F.3d at 1261, fn. 26. Thus, in the alternative, the Court denies Petitioner relief on ground five on its merits.

Petitioner claims trial counsel rendered ineffective assistance by failing to object to the following statements made by the prosecutor during his opening statement:

> The reason we are here today is that on April 21, 2001, over a year ago, Ramon Ortiz, seated here in the courtroom, was out walking around Immokalee at 3:00 in the morning 'looking' for a home to 'burglarize' because he needed money.

> Mr. Ortiz/Defendant entered their home through an unlocked door.

> Defendant got himself covered with grass because he was the one who dropped the black VCR in the dark bushes.

Exh. 4a at 20-22 (internal citations omitted). Petitioner avers that these statements improperly shifted the burden of proof to him and "poisoned" the minds of the jury. Id. at 21.

During the prosecutor's closing arguments, Petitioner takes issue with the following statement:

> Well, he's the one on trial, so he's got a bias.  But sadly, the devil is in the detail and he wasn't as credible today as he is on this tape.

Id. at 23.  Petitioner states that the prosecutor essentially told the jury that he was a liar.  Id.

A federal habeas court engages in a two-step analysis in determining whether prosecutorial misconduct warrants habeas relief.  Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1182 (11th Cir. 2010).  First, the prosecutor's remarks must be improper; and, second, the remarks must prejudicially affect the substantial rights of the defendant.  Id.

The Court has considered the objectionable remarks against the totality of the facts and the circumstances.  Hall v. Wainwright, 733 F.2d 766, 773 (11th Cir. 1984).  When viewed in context, the prosecutor's remarks do not prejudicially affect the substantial rights of the Petitioner.  Therefore, Petitioner is denied relief on ground five as unexhausted and procedurally defaulted, or in the alternative, on the merits.

**(5)   Failure to Object to Judge's comment on the "Best Evidence" Rule**

Petitioner claims that trial counsel rendered ineffective assistance by not objecting to the trial judge's statement that Petitioner's recorded confession was the "best evidence." Memorandum at 25-27.  Petitioner states that this incident denied

him of his right to a fair trial.   Id. at 25-26.   Petitioner
submits that a judge is prohibited from making inferences or
comments that could influence a verdict. Id. at 25.

In Response, Respondent clarifies that in this ground
Petitioner takes issue with the trial judge's response to the
jury's question about why a transcript of the confession was
unavailable and that the recording of the confession itself was the
"best evidence." Response at 22.   Respondent avers that the trial
judge did not improperly comment on the evidence, but was
explaining the applicable law to the jury.   Id. at 23.

The post-conviction court summarily denied Petitioner relief
on this claim prior to its evidentiary hearing, ruling:

> The Court finds that Defendant misapprehends the meaning
> of the statements made by the trial judge.   The "Best
> Evidence Rule," as codified by Fla. Stat. 90.952, under
> the hearing "Requirement of Originals," reads as follows:
>
> > Except as otherwise provided by statute, an
> > original writing, recording, or photograph is
> > required in order to provide the contents of
> > the writing, recording or photograph.
>
> As the State points out, the statements at issue involved
> the trial judge's response to an inquiry by the jury as
> to why a transcript of the confession was unavailable.
> Pursuant to the Best Evidence Rule, the Court properly
> responded by informing the jury that the recording is the
> best evidence.   Indeed, if a taped confession exists,
> introduction of a transcript of such into evidence
> violates the Best Evidence Rule "since the recording is
> the best evidence." Duggan v. State, 189 So. 2d 890
> (Fla. 1st DCA 1966).

Exh. 4a at 1-2.  The appellate court *per curiam* affirmed the post-conviction court's decision.  Exh. 4d, <u>Ortiz v. State</u>, 968 So. 2d 1026 (Fla. 2d DCA 2007)[table].

The Court finds that the State court's decision was neither contrary to, nor an unreasonable application of federal precedent. The State court did not make an unreasonable determination of the facts based upon the evidence.  The record reveals that defense counsel had no basis to object to the trial judge's comment that the tape recording of Petitioner's confession, not the transcript of the confession, was the only admissible evidence for the jury to consider.  Petitioner has not established that counsel's failure to object to the judge's proper instruction amounted to deficient performance.  Therefore, Petitioner is denied relief on ground six.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Petition for Writ of habeas Corpus (Doc. #1) is **DENIED with prejudice**.  Grounds One, Two, Three, Four, and Six are **DENIED** with prejudice based on the merits.  Ground Five is dismissed with prejudice as either unexhausted and procedurally defaulted, or in the alternative, Petitioner is denied relief on the merits.

2.  The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___7th___ day of March, 2011.

_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record

-35-